TAYLOR V. HEPPER.

*Highway — lands laid out into lots and streets — right of grantee of lot in street — Reservation in deed.*

Where the owner of land surveys, maps and lays out such land into lots, numbering them with streets designated, named and put down on the map as between him and the grantee of a lot bounded on one of the designated streets, his conveyance is *per se* a dedication of the street to the use of his grantee as a street.

Defendant conveyed to plaintiffs certain lots laid down on a map as fronting on J. street, which was laid out on the map. At the time of the conveyance a barn belonging to defendant extended across and obstructed one end of J. street. Subsequently defendant conveyed to one of plaintiffs a part of a lot partly covered by the barn, reserving the right to the use of the part covered by the barn while it remained. *Held,* not to affect the right of plaintiffs to the street acquired under the first-mentioned deed.

APPEAL by defendant from a judgment in favor of plaintiffs in an action tried by the court without a jury.

The action was brought in Orange county by John S. Taylor and Isaac Taylor against Thomas Hepper, to compel defendant to remove a barn. The circumstances were these: In the early part of 1868 the defendant was the owner of certain lands situated in the village of Walden, in said county. With a view to make such lands more valuable, he employed a surveyor who laid out the same into village lots with streets and avenues, and made a map of the same wherein the lots were designated by numbers and the streets by names. One of the streets, which was subsequently named John street, was laid out and mapped as running from what was named Orange avenue eastward to a street named Hepper street. At the west end of John street stood a barn belonging to defendant, extending completely across the street and cutting off communication in that direction with Orange street. After the lands were so laid out defendant agreed to sell to plaintiffs and one Barlow (whose interest plaintiffs acquired before the commencement of this action) several of the lots, by a written contract, wherein the lots were described by the numbers designated on the map. The deed provided that where any of the lots joined a street the line was to extend to the center of the street. Some of the lots were situate on John street, and some on the other streets.

It was shown that, at the time of making the contract of sale, the defendant, as an inducement to plaintiffs to purchase, promised to remove the barn within a reasonable time.

The lots contracted to be sold, with the exception of a part of a lot described as No. 29, were conveyed in accordance with the contract of sale by a warranty deed to plaintiffs and said Barlow.

The part of the lot No. 29 not conveyed by this deed, was, in pursuance of an agreement between the parties, conveyed by a deed dated a few days later to plaintiff, John S. Taylor. This deed contained this provision: "The parties of the first part reserving for their own use twelve feet six inches along the south side of said lot as long as the barn stands there, and if the barn is removed the line to be the center of said street."

Defendant did not remove the barn within a reasonable time, but the same remained an obstruction to the street.

The court decided in favor of the plaintiffs, granting the relief sought for.

*Cassedy & Brown*, for appellants. The reservation in the deed to John S. Taylor operated as an implied covenant, on the part of the plaintiffs, that the barn should be allowed to remain until defendant chose to remove it. *Case* v. *Haight*, 3 Wend. 632; *Provost* v. *Calder*, 2 id. 517. Also cited *Holdane* v. *Trustees of Cold Spring*, 21 N. Y. 474; *Badeau* v. *Mead*, 14 Barb. 328; *Fonda* v. *Borst*, 2 Keyes, 48.

*B. R. Champion*, for respondent.

TALCOTT, J. We think this action was correctly decided on the merits by the justice before whom it was tried. We understand the law to be well settled as stated in the opinion of WRIGHT, J., in *Fonda* v. *Borst*, 2 Keyes, 48, as follows: "When the proprietor of lands surveys, maps and lays out such lands into lots, numbering them with streets designated, named and put down on the map, as between him and a grantee of a lot bounded on one of the designated streets, his conveyance is *per se* a dedication of the street to the use of his grantee *as a street.* As between the grantor and grantee it is a street, which the latter has a right to use as such as soon as the conveyance is made to him.

" By force of the grant an easement is attached to the land granted, which thereby becomes an appurtenant, viz., a right of

way on and over the strip designated as a street for the use of the lot conveyed."

The rule thus clearly and tersely stated fully covers and applies to this case. It is true the majority of the court did not coincide with Judge WRIGHT as to the application of the principles stated by him to the case then under consideration, but that case (*Fonda* v. *Borst*) was decided upon its peculiar facts, which the majority of the court apparently held took it out of the well-settled general rule, and the fact that the case does not appear among the authorized reports of the court of appeals, affords evidence that the case was understood by the court to have been decided on its peculiar circumstances, and not to afford a general rule of law as authority in other cases not precisely resembling that case in all its facts.

The fact that in the conveyance of lot twenty-nine to John S. Taylor, one of the grantees of the other, a reference was made to the barn obstructing John street, and reserving the use of a part of lot twenty-nine "as long as the barn stands there," even if it is to be construed as an implied consent that the barn may stand there for an indefinite period, can only apply to and abridge the rights which the grantee got under the conveyance of lot twenty-nine. It does not purport to be, and cannot operate as, any reservation of, or limitation upon, the rights acquired under previous deeds of the other lots.

The proof of the parol promise by the grantor to remove the barn in a reasonable time does not operate to add any thing to the effect of the deed, or in any manner change its operation. The fact of such a promise and its non performance only went to show the propriety and necessity of commencing this action in equity, and might have affected the question of costs, which were in the discretion of the court.

The judgment is affirmed with costs of the appeal.

*Judgment affirmed.*